UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SR HOSPITALITY, L.L.C.,<br><br>                      Plaintiff,<br><br>                v.<br><br>MT. HAWLEY INSURANCE COMPANY,<br><br>                      Defendant. | Case No. 1:23-cv-08148 (VSB)<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED, that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

      4.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      (a)    The requesting party and counsel, including in-house counsel;

      (b)    Employees of such counsel assigned to and necessary to assist in the litigation;

(c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(d) The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

(e) Any deponent may be shown or examined on any information, document or thing designated CONFIDENTIAL if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, is employed by the party who produced the information, document or thing, or provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(g) Other persons or entities only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld; should written consent be withheld, the party seeking disclosure of Confidential Material can file the appropriate application or Motion with the Court to seek relief.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

(a) Inform the person of the confidential nature of the information or documents;

(b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c) Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall

thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. Within 60 days of the final disposition of this action-including all appeals all recipients of Confidential Information must either return it-including all copies thereof to the producing party, or, upon permission of the producing party, destroy such material including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action shall be permitted to retain their working files on the condition that those files will remain protected and subject to this Order.

11. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Information is produced or disclosed.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

/s/ Nicholas M. Insua
John N. Ellison, Esq.
Nicholas M. Insua, Esq.
Joseph Vila, Esq. (admitted *pro hac vice*)
**REED SMITH LLP**
599 Lexington Avenue
22nd Floor
New York, New York 10022
Tel: (212) 521-6117

and

Skye S. Fantaci, Esq.
Kevin R. Sloan, Esq.
Austin T. Robert, Esq. (admitted *pro hac vice*)
**GAUTHIER MURPHY & HOUGHTALING L.L.C.**
3500 N. Hullen Street
Metairie, LA 70002
Tel: (504) 456-8625

*Attorneys for Plaintiff SR Hospitality, L.L.C.*

/s/ Michael Feiler
Greg K. Winslett, Esq. (admitted *pro hac vice*)
Michael Feiler, Esq. (admitted *pro hac vice*)
**QUILLING SELANDER LOWNDS WINSLETT MOSER**
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel: (214) 871-2100

and

Matthew D. Kraus, Esq.
Andrew J. Furman, Esq.
**THE CHARTWELL LAW OFFICES LLP**
One Battery Park Plaza, Suite 710
New York, NY 10004
Tel: (212) 968-2300

*Attorneys for Defendant Mt. Hawley Insurance Company*

**SO ORDERED.**

Dated: 2/25/25
      New York, New York

_____
Vernon S. Broderick
United States District Judge

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the mater entitled *SR Hospitality, L.L.C. v. Mt. Hawley Insurance Company*, Case No. 1:23-cv-08148 (VSB) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____
Name:
Date:

Signed in the presence of:

_____
   (Attorney)