UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SR HOSPITALITY, LLC,                          :
                                              :
                              Plaintiff,      :         23-CV-8148 (VSB)
                                              :
        - against -                           :
                                              :
                                              :
                                              :
MT. HAWLEY INSURANCE COMPANY,                 :
                                              :
                              Defendant.      :
------------------------------------------------------------X
SR HOSPITALITY, LLC,                          :
                                              :
                              Plaintiff,      :         23-CV-10258 (VSB)
                                              :
        - against -                           :
                                              :         **OPINION & ORDER**
                                              :
MT. HAWLEY INSURANCE COMPANY,                 :
                                              :
                              Defendant.      :
------------------------------------------------------------X

Appearances:

John N. Ellison
Nicholas M. Insua
Joseph Vila
Reed Smith LLP
New York, New York

L. Scott Joanen
Gauthier Murphy & Houghtaling LLC
Metairie, Louisiana
*Counsel for Plaintiff*

Greg K. Winslett
Michael Feiler
Quilling Selander Lownds Winslett Moser
Dallas, Texas

Matthew D. Kraus
The Chartwell Law Offices LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me are identical pleadings titled "Joint Stipulation and [Proposed] Order To Consolidate For Purposes of Discovery" filed in two actions. (*Delta/Zeta* Doc. 66; *Ida* Doc. 62.[1]) For the reasons that follow, the joint stipulations are GRANTED.

## I. Background & Procedural History

The *Delta/Zeta* and *Ida* actions each arise from a dispute under the same property insurance policy Defendant sold Plaintiff concerning insurance coverage for losses Plaintiff allegedly sustained from Hurricanes Delta and Zeta in October 2020 and Hurricane Ida in August 2021. (*Delta/Zeta* Doc. 66 at 1–2; *Ida* Doc. 62 at 1–2.) Plaintiff requests the same relief in both the *Delta/Zeta* and *Ida* actions, seeking to hold Mt. Hawley Insurance Company liable for obligations it allegedly owed under the same property insurance policy. (*See Delta/Zeta* Doc. 1; *Ida* Doc. 1.)

On August 19, 2025 in the *Delta/Zeta* action, (*Delta/Zeta* Doc. 56), and on September 11, 2025 in the *Ida* action, (*Ida* Doc. 58), Defendant moved for leave to file an amended answer, pursuant to Fed. R. Civ. P. 16(b), "to include an affirmative defense arising from [Plaintiff's] concealment and misrepresentations of material facts during [Defendant's] investigation of Plaintiff's insurance claim," (*Delta/Zeta* Doc. 57 at 1; *Ida* Doc. 59 at 1). In addition to Defendant's motion for leave to file an amended answer, Defendant submitted a memorandum of law, (*Delta/Zeta* Doc. 57; *Ida* Doc. 59), and a declaration, (*Delta/Zeta* Doc. 58; *Ida* Doc. 60). On September 2, 2025 in the *Delta/Zeta* action and September 25, 2025 in the *Ida* action, Plaintiff

---

[1] The captions and respective Southern District of New York case numbers are: *SR Hospitality, LLC v. Mt. Hawley Ins. Co.*, No. 23-CV-8148 ("*Delta/Zeta*") and *SR Hospitality, LLC v. Mt. Hawley Ins. Co.*, No. 23-CV-10258 ("*Ida*"). Unless otherwise noted, citations to case documents in this Opinion & Order refer to the italicized defined case name, followed by the relevant document number.

2

submitted a memorandum of law in opposition to Defendant's motion for leave to file an amended answer, (*Delta/Zeta* Doc. 59; *Ida* Doc. 64), supported by a declaration, (*Delta/Zeta* Doc. 60; *Ida* Doc. 65). On September 9, 2025 in the *Delta/Zeta* action and October 2, 2025 in the *Ida* action, Defendant submitted a reply brief. (*Delta/Zeta* Doc. 62; *Ida* Doc. 66).

On September 8, 2025, the parties filed a joint letter regarding a discovery dispute in which Plaintiff "seeks an Order compelling the deposition of . . . [Defendant's] underwriter for the insurance policy at issue in this matter." (*Delta/Zeta* Doc. 61 at 1; *Ida* Doc. 56 at 1.) On September 9, 2025, I asked the parties to meet and confer and file a joint letter advising me whether they agree to consolidate the *Delta/Zeta* and *Ida* actions for purposes of discovery, or whether the parties agree to having a single Magistrate Judge hear the discovery dispute from their September 8, 2025 joint letter in both actions. (*Delta/Zeta* Doc. 64; *Ida* Doc. 57.) I further directed the parties to file a stipulation and proposed order consolidating the actions and a stipulation of confidentiality and proposed protective order if they agree to consolidate the actions for purposes of discovery. (*Id.*)

On September 12, 2025, the parties filed a joint letter advising me that they agree to consolidate the *Delta/Zeta* and *Ida* actions for purposes of discovery only and having a Magistrate Judge hear the discovery dispute addressed in the parties' September 8, 2025 joint letter. (*Delta/Zeta* Doc. 65; *Ida* Doc. 61.) On September 16, 2025, the parties filed a "Joint Stipulation and [Proposed] Order To Consolidate For Purposes of Discovery," (*Delta/Zeta* Doc. 66; *Ida* Doc. 62), and "Confidentiality Stipulation and [Proposed] Order For Consolidated Cases," (*Delta/Zeta* Doc. 67; *Ida* Doc. 63). The "Joint Stipulation and [Proposed] Order To Consolidate For Purposes of Discovery" provides that the parties agree to adhere to the Third Amended Case Management Plan entered in the *Ida* action, (*Ida* Doc. 55), on June 26, 2025.

(*Delta/Zeta* Doc. 66 at 3; *Ida* Doc. 62 at 3.)

**II.    Discussion**

Federal Rule of Civil Procedure 42 allows for consolidation, a "valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996).  Under Rule 42(a), when separate actions before a court involve a common question of law or fact, a court is empowered to "consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  Essentially, Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion," *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted), and it vests a district court with broad discretion to consolidate actions, even to do so sua sponte, *see id.* Indeed, where judicial resources will be conserved thereby advancing judicial economy, a district court will generally consolidate actions.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation."); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." (alteration adopted and internal quotation marks omitted)).

The *Delta/Zeta* and *Ida* complaints involve similar alleged conduct of the same Defendant and seek the same relief.  (*See supra* § I.)  Although the complaints are not identical, they all share common questions of law and fact, including whether the Defendant breached the terms of the policy or breached the duty of good faith and fair dealing.  (*See Delta/Zeta* Doc. 1; *Ida* Doc. 1.)  The parties agree that consolidation is appropriate.  (*See Delta/Zeta* Docs. 65–67; *Ida* Docs. 61–63.)  Therefore, pursuant to Federal Rule of Civil Procedure 42(a) and to promote judicial convenience and economy, I will consolidate the *Delta/Zeta* and *Ida* actions for purposes

of discovery only.

### III. Conclusion

It is hereby ORDERED that, pursuant to Fed. R. Civ. P. 42(a), the two actions before me are consolidated for discovery purposes only. All discovery filings or submissions shall be made under the *Delta/Zeta* action, Case No. 23-CV-8148, only.

IT IS FURTHER ORDERED that, given the upcoming discovery deadlines, the parties shall file a Proposed Fourth Amended Case Management Plan and Scheduling Order that will govern discovery in the consolidated case by **October 20, 2025**.

The Clerk of Court is respectfully directed to designate Magistrate Judge Ricardo as the Magistrate Judge designated in both actions and to file this Opinion & Order in both actions.

SO ORDERED.

Dated: October 14, 2025
      New York, New York

_____
Vernon S. Broderick
United States District Judge